# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STANLEY P. GRANDBERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV481 DDN |
| | ) | |
| DAVID HOFFMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 5591), an inmate at the St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $3.04. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of

(1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $15.18, and an average monthly balance of $14.37. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.04, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon

which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: David Hoffman (police officer); Jason Brandhorst (same); Paul Piatchek (same); Drew Werninger (same); and Brian Davenport (same). Plaintiff alleges that he was subjected to excessive force during his arrest in November of 2007 by defendant Hoffman. Plaintiff asserts that defendant Hoffman also denied him medical attention for facial "swelling," and additionally denied him the ability to speak to an attorney during a line-up. Plaintiff seeks compensatory and punitive damages for his alleged harms.

**Discussion**

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff]

is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case, St. Louis City. To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the municipality is responsible for the alleged constitutional violation. Monell v. Department of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of St. Louis City was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Additionally, although plaintiff has named five St. Louis City police officers as defendants in this action, he has only made allegations against defendant Hoffman. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action,

plaintiff has not set forth any facts indicating that any of the other named defendants were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, even if plaintiff had brought this action against defendants in their individual capacities, the complaint would additionally fail to state a claim upon which relief could be granted against defendants Brandhorst, Piatchek, Werninger and Davenport.[1]

---

[1]Similarly, even if plaintiff had named defendant Hoffman individually, his claims for denial of medical care and/or right to counsel would fail. Plaintiff has not alleged that he suffered an objectively serious medical need and that defendant Hoffman knew of, but disregarded, that need. See, e.g., Vaughn v. Greene County, 438 F.3d 845, 850 (8th Cir. 2006) ("Although this court has yet to establish a clear standard [for medical mistreatment] for pretrial detainees, we repeatedly have applied the same 'deliberate indifference' standard as is applied to Eighth Amendment claims made by convicted inmates."); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) (Eighth Amendment). Nor has plaintiff claimed that, prior to the line-up, formal charges had been brought against him, or that, as a result of the line-up, he was identified as the perpetrator of any crime, indicted on any charges, or confronted with any unreliable identification evidence at a subsequent trial. The right to counsel does not attach to pre-indictment line-ups. Kirby v. Illinois, 406 U.S. 682 (1972); see also, United States v. Patane, 542 U.S. 630, 638 (2004) (no constitutional violation where police negligently or deliberately fail to provide suspect with full panoply of warnings prescribed by Miranda); Hensley v. Carey, 818 F.2d 646, 649-50 (7th Cir. 1987) (improper line-up, in itself, does not constitute distinct and actionable constitutional wrong; no constitutional right to impartial line-up as long as evidence gained through line-up is not used at trial; police officers not liable under § 1983 for failure to give Miranda warnings); cf. Antonio v. Moore, 174 Fed.Appx. 131, 135 (4th Cir. 2006) (no constitutional violation for conducting improper lineup outside presence of counsel where defendant had pleaded guilty; unduly suggestive identification procedures in absence of defendant's counsel do not, in and of themselves, implicate Fourteenth or Sixth Amendment rights, as long as tainted evidence obtained is not used at trial). The Court additionally notes that even if the right to counsel had

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $3.04 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 23rd day of April, 2008.

                                               /s/ Rodney W. Sippel  
                                             RODNEY W. SIPPEL  
                                             UNITED STATES DISTRICT JUDGE

---

attached during the line-up, plaintiff's remedy would not lie in a § 1983 action for monetary damages, but rather in the suppression of the line-up evidence at his criminal trial.